# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NICHOLAS J. CIAVARELLA, JR., | ) | CASE NO: 5:13-CV-2031 |
| Plaintiff, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **Order** |
| Defendant. | ) ) | |

Plaintiff, Nicholas J. Ciavarella, Jr. ("Plaintiff"), challenges the final decision of Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"),[1] denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. For the reasons set forth below, Plaintiff's IFP motion is DENIED, and Plaintiff is hereby instructed to pay the required filing fee within 10 days of the date of this Order.

## I.    Relevant Background

On September 13, 2013, Plaintiff, through counsel, filed a complaint challenging the August 21, 2013, final decision of the Commissioner denying his application for DIB. (Doc. No. 1.) A motion to proceed IFP accompanied Plaintiff's complaint. (Doc. No. 2.)

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. She is automatically substituted as the defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

In the affidavit and application in support of the motion, Plaintiff indicated that his average monthly income for the past 12 months – from a March 2013 one-time stipend totaling $2,500 – was $208.  (*Id.*)  Plaintiff indicated that he owns a home worth $166,000; a 2003 Honda Accord valued at $6,200; and a 401k with a remaining balance of $25,315.37.  (*Id.*)  Plaintiff indicated that he has a total of $9,549 in checking and savings accounts.  (*Id.*)  Plaintiff has no spouse and no dependants.  (*Id.*)

In his affidavit and application, Plaintiff listed his monthly liabilities as totaling $4,545.38, consisting of: home mortgage payment ($475); utilities ($483.39); home maintenance ($261.91); food ($475.94); clothing ($44.48); laundry and dry cleaning ($7.31); medical and dental expenses ($269.80); transportation ($78.31); recreation, entertainment, newspapers, magazines, etc. ($4.08); monthly insurance costs ($269.45); taxes ($300.71); and five credit cards ($1,875).  (*Id.*)

**II.   Law and Analysis**

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).   The Sixth Circuit has recognized that  "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)).  Rather, the relevant question is "whether the court costs can be paid without *undue* hardship."  *Id* (emphasis added).

2

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles.  *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31, 2010 WL 502781, *1, n1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, *2 (E.D. Mich. Oct, 16, 2012); *see also Reynolds v. Crawford*, No. 1:01-cv-877, 2009 WL 3908911, * 1 (S.D. Ohio Nov. 17, 2009) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis.*") (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), aff'd, 788 F.2d 1 (2d Cir. 1985) (Table Decision) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.").  The decision whether to permit a litigant to proceed IFP is within the Court's discretion.  *Id*.

Here, Plaintiff's application reflects that his monthly liabilities exceed his monthly income by $4,337.38.  Additionally, Plaintiff indicates that the income from his one-time stipend is payable only up to a total of $2,500 and that he does not expect to receive any income next month.  However, Plaintiff also indicates that he own one vehicle, which is worth $6,200.  He also indicates that his home is worth $166,000, and that he has a 401K account worth $25,315.37.  Furthermore, Plaintiff reports a total of $4,079 in savings accounts and a total of $5,470 in checking accounts.  Given that Plaintiff has $9,549 in accounts at financial institutions as well as other assets with values that far

3

exceed the cost of filing the complaint in this case, it does not appear that the cost of filing is beyond Plaintiff's means. Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims." *Behmlander*, 2012 WL 5457466 at *2. Accordingly, Plaintiff is not eligible to proceed IFP in this Court, and Plaintiff's motion to proceed IFP is hereby DENIED. Plaintiff shall pay the required filing fee within 10 days of the date of this Order.

Date: September 24, 2013     s/ *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE